**State of Minnesota**

**District Court**

| County of Washington | Judicial District: | Tenth |
|---|---|---|
| | Court File Number: | |
| | Assigned Judge: | |
| | Case Type: | Civil |

Jaden Ayotte
Plaintiff

**SUMMONS**

VS.

Diversified Adjustment Service, Inc.
Defendant

THE STATE OF MINNESOTA TO THE ABOVE-NAMED DEFENDANT:

You are hereby summoned and required to serve upon Plaintiff or his Attorney an answer to the complaint, which is herewith served upon you within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so judgment by default will be taken against you for the relief demanded in the complaint.

Rule 114 of the Minnesota General Rules of Practice provides for use of alternative dispute resolution ("ADR") in most cases. The Court Administrator will provide notice of ADR processes after this action is filed.

MADGETT & CHAN
*A Limited Liability Company*

Dated: 27 Feb 2013

Brianna R. Sadler, Esq.
Atty. Reg. No. 0390482
619 Tenth Street South, Suite 301
Minneapolis, Minnesota 55404
(612) 756-9407
BSadler@MadgettLaw.com

Gordon H. Hage
Atty. Reg. No. 0387699

*Attorneys for Plaintiff*
Jaden Ayotte

EXHIBIT A

| | | |
|---|---|---|
| STATE OF MINNESOTA<br>County of Washington | Judicial District:<br>Case Type: | DISTRICT COURT<br>Tenth (Washington)<br>Civil |

| | | |
|---|---|---|
| Jaden Ayotte<br>Plaintiff<br><br>vs.<br><br>Diversified Adjustment Service, Inc.<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **VERIFIED COMPLAINT**<br><br><br><br>Demand for Jury Trial<br>Yes _X_  No ____ |

COMES NOW PLAINTIFF, as and for her causes of action (i.e., violation of the Fair Debt Collection Practices Act, Nuisance, Trespass to Chattels, Invasion of Privacy, and violation of the Telephone Consumer Protection Act), against the above-named defendant states and alleges as follows:

### Introduction

The following case alleges prolonged harassment by a debt collection company. On an ongoing basis defendant collection agency used an automatic telephone dialing system (the "Autodialing System") to repeatedly call and harass Ms. Ayotte on her personal cellular telephone. Ms. Ayotte specifically requested that Diversified Adjustment Service,

Inc. cease calling her on her cellular phone, for which she incurs a usage charge. Despite Ms. Ayotte's explicit request and provision of an alternative contact means, Defendant continued calling using an Automatic Dialing System and even increased its calls in blatant violation of the TCPA and the FDCPA. In addition to this behavior, Diversified Adjustment Service, Inc. staff committed several other violations of the FDCPA and Minnesota law. Accordingly, Plaintiff commenced this action.

### Statement of Jurisdiction

1. This Court has Jurisdiction over the subject matter of this action pursuant to Minn. Stat. §484.01, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 k (d), and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 (b) (3).

### Venue

2. Venue is proper pursuant to Minn. Stat. §542.09 because the events giving rise to Plaintiff's causes of action against Defendant occurred within the State of Minnesota and the County of Washington.

### Parties and Location of Tort

3. Plaintiff Jaden Ayotte is an adult resident of Washington County, Minnesota. *Please see* Exhibit A.

4. Defendant Diversified Adjustment Service, Inc. is a domestic corporation. *Please see* Exhibit K.

5. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendant conducted business in the State of Minnesota and in the County of Washington.

6. Defendant is registered to do business in the state of Minnesota under the name Diversified Adjustment Service, Inc. *Please see* Exhibit K.

7. The location of the tort occurred primarily at Plaintiff's home residence located in Washington County. *Please see* Exhibit A.

**Facts**

*Facts most relevant to FDCPA claim:*

8. Plaintiff is, and at all times mentioned herein was, a "consumer" as defined by 15 U.S.C. § 1692 a (3).

9. Defendant is, and at all times mentioned herein was, a "debt collector" as defined by 15 U.S.C. § 1692 a (6).

10. Phone records show numerous calls between 7/31/2012 and 1/31/2013 to Plaintiff's personal cell phone originating from 1-800-256-3818 and 1-800-504-8612; said numbers are registered to Defendant. *Please see* Exhibits E, F-H.

11. During several calls Plaintiff told Defendant to stop calling Plaintiff on her cell phone. *Please see* Exhibit A.

3

12. On several occasions Defendant's Automatic Dialing System would dial Plaintiff; when Plaintiff answered these phone calls, a representative was either entirely unavailable or significantly delayed in actually joining the phone call. *Please see* Exhibit A.

13. On multiple occasions Plaintiff ordered Defendant to cease calling her on her personal cell phone, including but not limited to July 31, 2012, November 9, 2012, and November 27, 2012. *Please see* Exhibits A, E, F-H.

14. Defendant continued to call Plaintiff on her personal cell phone, resulting in usage charges to Plaintiff. *Please see* Exhibits A, E, F-H.

15. Defendant's representative, "Steve" informed Plaintiff on November 27, 2012 that the calls would continue until the debt was paid. *Please see* Exhibits A, E.

16. Plaintiff is informed and believes, and thereon alleges, that Defendant intended to harass Plaintiff by increasing her cell phone bill, thus costing her money.

17. Plaintiff requested any information on the debt and, moreover, informed Defendant that she had not visited Park Nicollet at any time; however, Defendant failed to supply sufficient information to validate the debt. *Please see* Exhibits A, E.

18. Defendant's representatives repeatedly informed Plaintiff that the account would be put "on hold," yet the calls continued, intimating that no such hold was placed on the account. *Please see* Exhibits A, E, F-H.

19. The aforementioned calls constitute "communications" as defined by 15 U.S.C. § 1692 a (2).

20. The alleged debt owed by Plaintiff is a "debt" as defined by 15 U.S.C. § 1692 a (5).

*Facts most relevant to TCPA claim:*

21. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (32).

22. Defendant is, and at all times mentioned herein was, a corporation and a "person" as defined by 47 U.S.C. § 153 (32).

23. Plaintiff is informed and believes, and thereon alleges, that on multiple occasions, all prior to the date this complaint was filed, Defendant contacted Plaintiff on Plaintiff's cellular telephone via an "automatic telephone dialing system" as defined by 47 U.S.C. § 227 (a)(1). *Please see* Exhibits A, D, E.

24. On multiple occasions, including but not limited to October 11, 2012, October 16, 2012, October 17, 2012, and October 18, 2012, Plaintiff answered calls from Defendant and waited on hold for a period of time before hanging up. *Please see* Exhibits A, E.

25. On multiple occasions, including but not limited to October 1, 2012, October 8, 2012, October 10, 2012, and October 25, 2012, Plaintiff received voice messages from Defendant, which included artificial voices. *Please see* Exhibits A, D, E.

26. On or about October 1, 2012, Plaintiff received a voice message from Defendant that included hold music for fifteen seconds, a female artificial voice stating "This call concerns personal business, hold the line please," twenty more seconds of hold music, a female artificial voice stating, "This is an important business call, please don't hang up," six final seconds of hold music, and a human female voice stating, "Hello? Jaden Ayotte, this is Melanie Newman with Diversified Adjustment Services Incorporated and this is a

5

communication from a debt collector. Please call me at 1-800-256-3818. Thank you." *Please see* Exhibits A, D, E.

27. Plaintiff is informed and believes, and thereon alleges, that during these telephone calls Defendant used "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227 (b)(1)(A). *Please see* Exhibits A, D.

28. Plaintiff is informed and believes, and thereon alleges, that the telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls, pursuant to 47 U.S.C. § 227 (b)(1). *Please see* Exhibits F-H.

29. Plaintiff is informed and believes, and thereon alleges, that these telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

30. Plaintiff is informed and believes, and thereon alleges, that Plaintiff did not provide express consent to receive calls on Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A). *Please see* Exhibits A, E.

31. Defendant placed or caused to be placed these telephone calls in violation of 47 U.S.C. § 227(b)(1).

**Specific Claims**

Count I – Violation of Fair Debt Collection Practices Act 15 U.S.C. § 1692 d (5)

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

6

33. Defendant's continuous or repeated calling is harassment under 15 U.S.C. § 1692 d (5).

34. Defendant's failure to cease and desist from calling Plaintiff's personal cell phone, for which she incurs a usage charge, was a knowing attempt to harass Plaintiff and thus a per se violation of 15 U.S.C. § 1692 d.

35. As a result of these violations, Plaintiff is entitled to actual damages sustained as allowed by 1692 k (a)(1) and up to $1,000 in additional damages under 1692 k (a)(2).

Count II – Violation of Fair Debt Collection 15 U.S.C. § 1692 g

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. By failing to inform Plaintiff of her rights pursuant to the FDCPA, Defendant violated 15 U.S.C. § 1692 g.

38. Defendant's failure to mail written Notice of Debt after insufficient initial disclosures is a violation of 15 U.S.C. §1692 g (a).

39. As a result of these violations, Plaintiff is entitled to actual damages sustained under 15 U.S.C. §1692 k (a)(1) and up to $1,000 in additional damages 15 U.S.C. §1692 k (a)(2).

Count III – Violation of Fair Debt Collection Practices Act 15 U.S.C. § 1692 e (10)

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. During phone conversations or on recorded messages Defendant made false and misleading statements. *Please see* Exhibit A.

42. False or misleading statements constitute a violation of 15 U.S.C. § 1692 e (10).

43. As a result of these violations, Plaintiff is entitled to actual damages sustained as allowed by 1692 k (a)(1) and up to $1,000 in additional damages under 1692 k (a)(2).

Count IV – Violation of Fair Debt Collection Practices Act 15 U.S.C. § 1692 e (11)

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. On October 1, 2012, October 8, 2012, October 10, 2012 and October 25, 2012, Defendant left messages failing to disclose the communication was from a debt collector.

46. When Plaintiff spoke with Defendant on July 31, 2012, November 9, 2012, November 27, 2012, and January 10, 2013, Defendant is not disclose that the communication was from a debt collector attempting to collect on a debt or that any information would be used for that purpose. *Please see* Exhibits A-E.

47. Each and every of these communications constitutes a violation of 15 U.S.C. § 1692 e (11).

48. As a result of these violations, Plaintiff is entitled to actual damages sustained as allowed by 1692 k (a)(1) and up to $1000 in additional damages under 1692 k (a)(2).

Count V – Violation of Fair Debt Collection Practices Act 15 U.S.C. § 1692 c (b)

49.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50.  Defendant violated 15 U.S.C. 1692 c (b) in several ways on several occasions.

51.  By knowingly leaving a voice message containing personal account information on a mobile voicemail service, Defendant flagrantly and repeatedly violated 15 U.S.C. § 1692 c (b).

52.  Another individual did listen to said message when it reached Plaintiff. *Please see* Exhibits A-E.

53.  As a result of these violations, Plaintiff is entitled to actual damages sustained as allowed by 1692 k (a)(1) and up to $1000 in additional damages under 1692 k (a)(2).

Count VI – Violation of Fair Debt Collection Practices Act 15 U.S.C. § 1692 e (10)

54.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55.  On October 1, 2012, Defendant left a false and misleading message on Plaintiff's phone stating that Defendant was calling Plaintiff to discuss a business matter when in fact no such business matter existed.

56.  This misleading message constitutes a violation of 15 U.S.C. § 1692 e (10).

57.  As a result of these violations, Plaintiff is entitled to actual damages sustained as allowed by 1692 k (a)(1) and up to $1000 in additional damages under 1692 k (a)(2).

9

### Count VII – Nuisance (Minn. Stat. 561.01)

58. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

59. Defendant's repeated calling was highly disruptive and therefore injurious to health, indecent or offensive to the senses, and an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of Defendant's property.

60. Plaintiff is entitled to damages under Minn. Stat. 561.01.

### Count VIII – Trespass to Chattels

61. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

62. Defendant's repeated calling was so offensive that Plaintiff was forced on several occasions to turn off the ringer on her telephone. *Please see* Exhibit A.

63. Accordingly, Defendant's actions dispossessed Plaintiff of essential functions of her phone.

64. Under the common law of Minnesota, Plaintiff is entitled to damages for said disposition.

### Count IX – Invasion of Privacy

65. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

66. By repeatedly calling Plaintiff, Defendant intentionally intruded, physically or otherwise, upon the solitude or seclusion of Plaintiff or her private affairs or concerns. *Please see* Exhibit A.

67. Therefore, Defendant is subject to liability to the Plaintiff for invasion of her privacy, if such repeated and consecutive calls would be highly offensive to a reasonable person.

68. Plaintiff is entitled to damages.

Count X – Negligent Violations of the Telephone Consumer Protection Act 47 U.S.C. Section 227 Et Seq.

69. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

70. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

71. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $500 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

72. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

11

Count XI – Knowing and/ or Willful Violations of the Telephone Consumer Protection Act 47 U.S.C. Section 227 Et Seq.

73. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

74. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

75. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages, as provided by statute, up to $1,500 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

76. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

### Relief

WHEREFORE, Plaintiff respectfully asks for judgment against defendant in an amount greater than $50,000.

Respectfully Submitted,

MADGETT & CHAN
*A Limited Liability Company*

Dated: 27 Feb 2013

Brianna R. Sadler, Esq.
Atty. Reg. No. 0390482

619 Tenth Street South, Suite 301
Minneapolis, Minnesota 55404
(612) 756-9407
BSadler@MadgettLaw.com

Gordon H. Hage
Atty. Reg. No. 0387699

619 Tenth Street South, Suite 301
Minneapolis, Minnesota 55404
(612) 756-9382
GHage@MadgettLaw.com

*Attorneys for Plaintiff*
Jaden Ayotte

### Acknowledgement

Plaintiff acknowledges that, pursuant to Minn. Stat. Sec. 549.21 sub. 2, the Court in its discretion may award costs, disbursements, reasonable attorney's fees, and witness fees to the parties against whom costs, disbursements, reasonable attorney's fees, and witness fees were charged in bad faith.

Dated: 21 Feb 2013

Brianna R. Sadler
ATTORNEY FOR PLAINTIFF
Jaden Ayotte

### VERIFICATION

JADEN AYOTTE, being first duly sworn, deposes and states that she has read the foregoing Verified Complaint and knows the contents thereof; that the same is true of her own personal knowledge, except for those matters therein alleged upon information and belief, and to those matters, she believes them to be true.

Jaden Ayotte

Subscribed and sworn to before me

this 20 day of February, 2013.

Notary Public

Notary Seal

BASSAM M R WAZWAZ
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/17

14